**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO. 11-20888-CIV-SEITZ/SIMONTON

NADJA ABREU,

        Plaintiff,

vs.

ALUTIIQ-MELE, LLC,

        Defendant.

_____/

## ORDER ADOPTING IN PART REPORT AND RECOMMENDATION AND DENYING MOTION FOR SANCTIONS

THIS MATTER is before the Court on Magistrate Judge Simonton's Report and Recommendation Re: Denying Defendants' Motion for Sanctions [DE-58], which recommends denying Defendants' Motions for Sanctions made pursuant to Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927. The Report and Recommendation (Report) found that the record does not support a basis for sanctions against Plaintiff. The focus of the Report is the conduct of Plaintiff's counsel, Erwin Rosenberg. The Report concludes that counsel's actions also do not warrant the imposition of sanctions.

Defendants have filed objections to the Report [DE-59], to which Mr. Rosenberg has filed a "reply" [DE-60], and Defendants have filed a reply brief [DE-63]. Having carefully reviewed, *de novo*, Magistrate Judge Simonton's thorough Report and Recommendation and the record, the Court affirms and adopts the Report, except as set out herein as to particular findings of unreasonable and vexatious behavior by Plaintiff's counsel. Applying the relevant case law to the totality of the circumstances, Mr. Rosenberg's actions, which border on incompetent, do not warrant sanctions. Therefore, Defendants' Motion for Sanctions is denied. However, the record in this case reflects that

Mr. Rosenberg needs remedial assistance. Therefore, he will be referred to the Ad Hoc Committee on Attorney Admissions, Peer Review, and Attorney Grievance of the Southern District of Florida[1] for mentoring, supervision, and monitoring to ensure that his filings in the Southern District of Florida meet the standards of professionalism that the Court expects from attorneys practicing before it.

## I. Background

The Report sets out in detail the facts and procedural history of this matter, to which neither side has objected. Therefore, the Court will not reiterate the facts giving rise to the sanctions motion and adopts the Report's recitation of the facts and procedural history. Defendants' Motion seeks sanctions based on several distinct actions Mr. Rosenberg took in litigating this case: (1) he named Alutiiq-Mele and Alutiiq Global as parties, despite the fact that Plaintiff's employer was Alutiiq 3SG; (2) he never properly served Alutiiq Global or Alutiiq 3SG; (3) he unreasonably and vexatiously multiplied the proceedings; and (4) the Second Amended Complaint was frivolous, unreasonable, and without foundation. In addressing these arguments, the Report found that Plaintiff had a weak, but not frivolous, basis for naming Alutiiq-Mele as a Defendant and also had a basis for naming Alutiiq Global as a Defendant. The Report also found that Plaintiff had a weak, but not frivolous, argument regarding whether the grievance procedures in the collective bargaining agreement were mandatory. Finally, the Report found that Plaintiff's failure to properly serve Defendants did not warrant sanctions under § 1927 and could not serve as a basis for Rule 11

---

[1] The Court will also send a copy of this Order to The Florida Bar simply for its information.

sanctions because Defendants had failed to comply with Rule 11's safe harbor provision regarding this issue.

## II. Objections

Defendants raise four objections to the Report: (1) the Report applies the wrong standards for awarding § 1927 sanctions and Rule 11 sanctions; (2) the Report does not give proper weight to this Court's numerous admonitions to Plaintiff's counsel; (3) the Report improperly considers that Plaintiff, through the same counsel, has filed a second lawsuit against Defendants; and (4) the Report fails to consider the totality of Plaintiff's counsel's actions and, instead, analyzes each action individually. The Court will address each of these objections, in order.

### A. The Report Applied the Correct Standards

Defendants do not really take issue with the § 1927 standard set out in the Report, but, instead, take issue with how the Magistrate Judge applied the standard to the circumstances of this case. Defendants do take issue with the Rule 11 standard applied in the Report; specifically, Defendants take issue with the statement that "[t]o avoid Rule 11 sanctions, however, [Plaintiff's arguments] must be more than frivolous." Defendants argue that this is holding the Plaintiff to a lower standard than is required. Defendants, however, appear to misconstrue this statement. While admittedly using awkward phrasing, the Report simply states that Plaintiff is not subject to sanctions if her actions are not frivolous. Thus, the Report did not apply an incorrect Rule 11 standard and Defendants' objection regarding the Rule 11 standard is overruled.

As set out above, Defendants object to the Magistrate Judge's application of the § 1927 standard. Under § 1927 a court "may" impose excess costs, expenses, and attorneys' fees on any attorney "who so multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C.

§ 1927. The "key for unlocking" the Court's power to sanction under 28 U.S.C. § 1927 is a finding of bad faith. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991); *Norelus v. Denny's, Inc.*, 628 F.3d 1270, 1282 (11th Cir. 2010). The bad faith standard looks at the attorney's objective conduct. *Norelus*, 628 F.3d at 1282. Even if a Court finds an attorney acted with bad faith, the imposition of sanctions under § 1927 remains a matter of discretion. 28 U.S.C. § 1927; *Chambers*, 501 U.S. at 44. Defendants argue that Plaintiff's counsel unreasonably and vexatiously multiplied the proceedings by continuing to name Alutiiq-Mele as a party, failing to properly serve the other Defendants, and by never setting forth a claim that could withstand a motion to dismiss.

Addressing the last item first, no determination was made regarding whether Plaintiff eventually stated a claim upon which relief could be granted and the Court will not do so now. Thus, this argument does not support sanctions. Furthermore, the Court agrees with the Report that Plaintiff's counsel had a basis to name multiple Alutiiq entities as Defendants based on the corporate reports showing interlocking membership and ownership of the LLCs and the fact that the documents at issue – the collective bargaining agreement and Plaintiff's termination letter – had the names of different Alutiiq entities on them than the entity that actually employed Plaintiff. While Plaintiff failed to do any discovery to support her contention that all of the Alutiiq entities were proper parties, that does not mean that naming them was unreasonable or vexatious.

Finally, the Court does agree that Plaintiff's attempt to serve Alutiiq Global and Alutiiq 3SG by certified mail was unreasonable and vexatious. As the Court noted in its Order Granting Motion to Dismiss [DE-37], "there is no real dispute that service by certified mail does not comply with federal rules or Florida law." The law in the Eleventh Circuit is clear on this issue. Plaintiff's counsel relied on cases from Kansas and Pennsylvania to support his position that service by certified

mail is acceptable. However, that reliance was unreasonable given that there is Eleventh Circuit law directly on point and that, in another case before this Court in which Plaintiff's counsel had been involved, the Court had reached the exact same conclusion. While the Court recognizes that a party may make arguments that attempt to modify or change the law, a review of Plaintiff's response to the Motion to Dismiss, does not indicate that counsel was arguing for a change or modification of the law. In fact, counsel does not even recognize what the law is on this issue in this circuit. Thus, counsel does not argue that the law is incorrect or should be modified. Consequently, the Court finds that Plaintiff's counsel's arguments regarding service by certified mail and his service of Alutiiq 3SG and Alutiiq Global by certified mail were unreasonable and vexatious and made in bad faith.

However, Plaintiff's failure to properly serve Alutiiq 3SG and Alutiiq Global did not multiply the proceedings. As a result of the improper service, Defendants included in their motion to dismiss a section arguing that service was improper. Had Alutiiq 3SG and Alutiiq Global been properly served, however, they still would have filed a motion to dismiss raising the other arguments that they did raise in their motion. The only additional proceeding that followed the motion to dismiss was Alutiiq 3SG and Alutiiq Global's response to Plaintiff's Motion for an Extension of Time and Leave to Serve Personal Process. Thus, Alutiiq 3SG and Alutiiq Global only had to respond to one filing to which they would not otherwise have had to respond. This does not amount to such a multiplication of the proceedings that would warrant sanctions under § 1927. Consequently, this objection is overruled.

*B. The Report Does Not Ignore this Court's Admonitions to Plaintiff's Counsel*

Based on this Court's warnings to Plaintiff's counsel, Defendants object to the Magistrate Judge's conclusion that sanctions are not warranted. The record is clear that this Court warned

5

Plaintiff's counsel several times in the Order Granting Motion to Amend and Denying Motion to Dismiss as Moot [DE-18] that counsel needed to ensure that the facts supported pursuing claims against all Defendants and that counsel needed to ensure that Plaintiff had complied with the mandatory grievance procedure before filing an amended complaint. However, as set out in the Report, and above, Plaintiff's counsel had a factual basis on which to rest the claims against Alutiiq-Mele and Alutiiq Global. Further, there was no evidence submitted that established that Plaintiff had actually failed to comply with the mandatory grievance procedures set out in the collective bargaining agreement. Thus, the Court's warnings to Plaintiff's counsel, while plainly unheeded, are not a basis to warrant the imposition of sanctions and this objection is overruled.[2]

### C. The Report's Consideration of the Second Lawsuit Was Not Improper

Defendants object to the Report's reliance on the fact that Plaintiff has filed a new lawsuit against Alutiiq 3SG and its conclusion that Defendants achieved a procedural victory, not a victory on the merits. While the Report did note that Plaintiff has filed a second lawsuit, it did so in the context of noting that Plaintiff's claims against Alutiiq 3SG and Alutiiq Global were never dealt with on the merits in the instant case. Thus, the Report did not improperly rely on the existence of the later lawsuit.

Defendants further object to the conclusion that the Defendants only achieved a procedural victory given that Alutiiq-Mele was granted summary judgment because it was not proper party. The

---

[2]Plaintiff's counsel should not view this ruling as condoning his judgment or actions in this case. His judgment, choices, and actions reflect poorly on him as a lawyer. He has been a member of The Florida Bar since 1999. The fair, impartial, speedy, and cost-efficient administration of justice necessitates that each member of The Florida Bar commit himself or herself to professional excellence at all times. Thus, his own professional pride should motivate him to seek assistance to improve his judgment, his understanding of professional responsibility to opposing parties, his legal research, and his understanding of the rules of procedure.

Court agrees that Alutiiq-Mele obtained a judgment on the merits. However, obtaining a judgment on the merits does not, by itself, establish that Plaintiff's claim against Alutiiq-Mele was frivolous or amounted to a vexatious multiplication of the proceedings. Consequently, this objection is overruled.

### D. Counsel's Litigation Conduct Does Not Warrant Sanctions

Defendants' last objection appears to be more of an argument than an objection to any specific portion of the Report. Defendants argue that in deciding whether to sanction Plaintiff's counsel, the Court should consider Plaintiff's counsel's actions in this, as well as other cases. Defendants note that prior to this case, another court had already determined that compliance with the collective bargaining agreement's grievance procedures was mandatory prior to bringing suit. However, as the Court has noted, there is no record *evidence* that Plaintiff did not comply with the grievance procedures.

Defendants also note that counsel continued to pursue the wrong party despite notice from Defendants and warnings from the Court and Plaintiff's counsel improperly served Alutiiq 3SG and Alutiiq Global by certified mail, despite holdings regarding service by certified mail in two other cases in which Plaintiff's counsel was involved. While the Court finds that Plaintiff's counsel's behavior so borders on incompetent that it led the Court to check counsel's credentials, as a matter of law it does not meet the standards for the imposition of sanctions under § 1927. However, as stated elsewhere, counsel's conduct does not meet the level of professionalism expected by the Court. Thus, Mr. Rosenberg is referred to the Ad Hoc Committee on Attorney Admissions, Peer Review, and Attorney Grievance of the Southern District of Florida. Accordingly, it is hereby

ORDERED that:

1. The Report and Recommendation Re: Denying Defendants' Motion for Sanctions [DE-58] is AFFIRMED as to the recommendation that Defendants' motion be denied and is ADOPTED except to the extent set out above.

2. Defendants' Verified Motion for Rule 11 and Section 1927 Sanctions [DE-43] is DENIED.

3. Erwin Rosenberg is referred to the Ad Hoc Committee on Attorney Admissions, Peer Review, and Attorney Grievance of the Southern District of Florida for mentoring, supervision, and monitoring.

DONE and ORDERED in Miami, Florida, this 24th day of September, 2012.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:    All Counsel of Record
       Clinton Payne, Chair
       Ad Hoc Committee of Attorney Admissions,
       Peer Review, and Attorney Grievance
       Hinshaw & Culbertson
       2525 Ponce De Leon Blvd., 4th Floor
       Coral Gables, Florida 33134

       Arlene Sankel, Chief Branch Discipline Counsel
       The Florida Bar
       Suite M100, Rivergate Plaza
       444 Brickell Avenue
       Miami, Florida 33131-2404

8